631 P.2d 144

**In the Matter of a 1978 DODGE TRANS-VAN, VEHICLE IDENTIFICATION NO. F34BE8V70469, FLORIDA TEMPORARY LICENSE NO. UO5391.**

**CITY OF SIERRA VISTA,
Petitioner/Appellee,**

v.

**ATLANTIC BANK OF JACKSONVILLE, FLORIDA, Respondent/Appellant.**

**No. 2 CA–CIV 3922.**

Court of Appeals of Arizona,
Division 2.

June 30, 1981.

Polley & Polley by Karl Elledge, Sierra Vista, for petitioner/appellee.

Kerley & DeFrancesco by Joseph J. DeFrancesco, Sierra Vista, for respondent/appellant.

OPINION

HOWARD, Judge.

This is an appeal from the trial court's judgment granting forfeiture of a Dodge Trans-Van to the State of Arizona. The issue here is whether the appellant had a right to establish that it, and not the owner of record, was the real owner of the van.

We view the facts in the light most favorable to upholding the judgment.

On or about February 6, 1980, Brenda Lee Sorenson purchased a Dodge van in Florida for $9,548.68, with money that she had stolen from appellant, the Atlantic Bank of Jacksonville, Florida, on February 4, 1980. On February 21, 1980, a Sierra Vista police officer stopped the van for an equipment violation. Further investigation of the occupants of the van led to the arrest of Sorenson and her companions for possession of marijuana. Pursuant to a lawful search warrant, a small, usable quantity of marijuana was discovered in the van and the appellee, the City of Sierra Vista, then filed for forfeiture proceedings pursuant to A.R.S. § 36.1041, et seq.[1]

Sorenson, as owner of record of the van, was duly served with notice of seizure and intention to institute forfeiture proceedings. On March 3, 1980, she transferred title to the van to the senior vice president of appellant which then filed an answer to the forfeiture proceedings. The bank wished to establish at the trial that Sorenson held title to the van as a constructive trustee for the bank because the van was purchased with money stolen from the bank.[2] If the bank established its true ownership of the property then, it argued, it could prove that it lacked knowledge of the fact that the van was going to be used for an unlawful act and thereby avoid forfeiture. See *In re One 1965 Ford Mustang*, 105 Ariz. 293, 463 P.2d 827 (1970).

A.R.S. § 36–1041 states:

"The *interest* of the legal owner or owners of record of any vehicle used to transport unlawfully a narcotic drug, or in which a narcotic drug is unlawfully kept, deposited or concealed, or in which a narcotic is unlawfully possessed by an occupant, shall be forfeited to the state." (Emphasis added)

■ The question we must answer is whether Sorenson had an interest in the van. While the presumption of full ownership may arise from the certificate of title in matters relating to subsequent bona fide purchasers, ownership in the present context can be considered only as the ownership which a trustee of a constructive trust has. Sorenson's interest as constructive trustee leads us to conclude that the only *interest* which the state could acquire is that of a trustee, which means that it cannot forfeit the van.

■ The trial court refused to allow the imposition of a trust in the forfeiture proceedings because such proceedings are in rem and it concluded that the imposition of a constructive trust would be an in personam proceeding. We do not agree. The establishment of a constructive trust here would be in the nature of a quasi-in-rem proceeding. See *Gassert v. Strong*, 38 Mont. 18, 98 P. 497 (1908). Furthermore, since the statute only allows the forfeiture of the *interest* of the owner of record, it permits appellant to prove the extent of the interest and in this case, it is that of a constructive trustee.

Reversed with directions to enter judgment in favor of appellant.

HATHAWAY, C. J., and BIRDSALL, J., concur.

---

1. This section is repealed by Laws 1979, ch. 103, § 14, effective July 1, 1980.

2. See *Dennis v. United States*, 372 F.Supp. 563 (E.D.Va.1974). See also Annot., 38 A.L.R.3d 1354, 1359; Restatement of Restitution, § 202 (the proceeds or product of stolen property can be preserved by the imposition of a constructive trust); 76 Am.Jur.2d Trusts, § 251.